```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

DANNY E. HOOKS,

    Petitioner,

  v.                                   Case No. C-1-00-54
                                         JUDGE GRAHAM
BETTY MITCHELL, Warden,          Magistrate Judge King

    Respondent.

OPINION AND ORDER

Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. §2254. This matter is before the Court upon petitioner's motion to hold this case in abeyance, (doc.no. 54).

Petitioner requests this Court to stay these proceedings so that he may pursue in the state courts a claim that his death sentence violates the Eighth Amendment because he is mentally retarded. Execution of a mentally retarded prisoner is barred on Eighth Amendment grounds. *Atkins v. Virginia,* 536 U.S. 304 (2002). Respondent does not oppose petitioner's motion, but does not "concede that Petitioner's putative claim under *Atkins v. Virginia*, 536 U.S. 304 (2002) is supported in law or fact." (Respondent's Memorandum in Response, doc.no. 55. 2).

On December 11, 2002, the Supreme Court of Ohio issued a decision in *State v. Lott,* 97 Ohio St. 3d 303 (2002)(per curiam), establishing the procedure for presenting an Eighth Amendment challenge to death sentences under *Atkins*, as well as the burden of

proof and substantive standards for adjudicating claims brought under *Atkins*. The Ohio Supreme Court held, among other things, that such claims may be presented to the state courts in a postconviction action pursuant to R.C. §2953.21, and further held that, "any petition for postconviction relief specifically raising an *Atkins* claim must be filed within 180 days from the date of the judgment in this case." *Lott*, 97 Ohio St. 3d at 307. Petitioner filed such a petition in the state trial court on June 9, 2003. (Petitioner's Abeyance Motion, doc.no. 54, Exh. 1).

In *Hill v. Anderson*, 300 F.3d 679, 682 (6th Cir. 2002), the Court of Appeals for the Sixth Circuit issued a decision directing a death penalty habeas corpus case to be remanded to the state courts so that the petitioner's recently-added claim that his execution was barred under the *Atkins* decision could be heard first by the state courts. *Hill v. Anderson*, 300 F.3d 679, 682 (6th Cir. 2002). Although petitioner has not formally amended his petition to add a claim that his execution is barred under the *Atkins* decision, petitioner's case seems to fall within the spirit of the Sixth Circuit's decision in *Hill v. Anderson*, favoring a procedure that requires capital defendants pursuing federal habeas corpus relief to exhaust their *Atkins* claims in the state courts, while allowing the federal court to maintain jurisdiction over the exhausted claims set forth in the habeas corpus action. *See Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

For the foregoing reasons, petitioner's motion to hold these proceedings in abeyance is GRANTED. This case is STAYED in order to allow petitioner to pursue a postconviction action in the Montgomery County Court of Common Pleas. The stay will terminate when the judgment in petitioner's postconviction action becomes final.

IT IS SO ORDERED.

                                        s/James L. Graham
                                        JAMES L. GRAHAM
                                        United States District Judge

DATE: October 7, 2003